UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>WAREHOUSE AT VAN BUREN STREET, INC.,<br><br>Debtor.<br><br>―――――――――――――――――――――<br><br>WAREHOUSE AT VAN BUREN STREET, INC.,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF CLINTON and JOSEPH W. GIROUX as the Clinton County Treasurer,<br><br>Defendants. | **ADVERSARY COMPLAINT TO AVOID FRADULENT CONVEYANCE AND FOR OTHER RELIEF UNDER 11 U.S.C. §§548 and 550**<br><br>Case No. 10-12719<br>Chapter 11<br><br>Adversary No. 11- |

Warehouse at Van Buren Street, Inc., by and through its attorneys, Nolan & Heller LLP, as and for its Complaint against Defendants, states as follows:

1.  Plaintiff Warehouse at Van Buren Street, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on July 21, 2010, commencing the above-captioned case.

2.  Upon information and belief, Defendants County of Clinton (the "County") and Joseph W. Giroux as the Clinton County Treasurer (the "County Treasurer") maintain their offices at 137 Margaret Street, Plattsburgh, New York 12901 ("Defendant").

3. This is a Complaint to avoid a certain conveyance of real property of the Debtor in connection with in rem tax foreclosure proceedings by the County and County Treasurer.

4. The Court has jurisdiction over the bankruptcy case and this adversary proceeding, pursuant to 28 U.S.C. §§ 1334 and 157 and Bankruptcy Code §§548 and 550.

5. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H).

6. Until March 10, 2010, Plaintiff owned an 89.80 acre parcel of vacant land in the Town of Champlain, County of Clinton, located on West Service Road and Meridian Road, and identified as tax parcel 18.1-21.1, and more particularly described in Schedule "A" hereto (the "Subject Property").

7. On or about October 9, 2010, Defendants commenced in rem tax foreclosure proceedings to collect unpaid property taxes, which proceedings included the Subject Property (the "Tax Foreclosure").

8. The amount of taxes at issue in the Tax Foreclosure with respect to the Subject Property was $7,276.45 (the "Subject Taxes").

9. Defendants obtained an Order and Judgment in the Tax Foreclosure, entered on March 10, 2010 and filed in the Clinton County Clerk's office on March 11, 2010, transferring title in the Subject Premises to Joseph W. Giroux as the Clinton County Treasurer (the "Transfer").

10. Thereafter, by quit claim deed dated March 11, 2010 and recorded in the Clinton County Clerk's office on March 12, 2010 and bearing Instrument No. 2010-

00230937, Joseph W. Giroux as the Clinton County Treasurer transferred title in the Subject Property to the County of Clinton.

11. The Debtor estimates the value of the Subject Property as of the date of the Transfer to have been approximately $200,000.

12. Upon information and belief, thereafter, on or about July 21, 2010, the County of Clinton held an auction sale of the Subject Property, wherein the Subject Property was sold to a third party for the sale price of $120,000.

13. Upon information and belief, the County of Clinton subsequently conveyed the Subject Property to the successful bidder at the auction sale for the sale price of $120,000.

14. The value of the Subject Property at the time of the Transfer far exceeded the amount of the Subject Taxes, such that the conveyance of the Subject Property to Defendant Joseph W. Giroux as the Clinton County Treasurer was for less than reasonably equivalent value.

15. The fair value of the Debtor's remaining assets was less than the amount of the Debtor's liabilities at the time of the Transfer.

16. Accordingly, the Debtor was insolvent at the time of the Transfer or became insolvent as a result of the Transfer.

17. The Transfer constitutes a fraudulent transfer, which may be avoided by the Debtor pursuant to Bankruptcy Code § 548.

18. The Debtor is entitled to recover from the Defendants the value of the Subject Property less the amount of the Subject Taxes pursuant to Bankruptcy Code § 550.

19. The Debtor reserves the right to amend this Complaint to seek avoidance of the Defendants' subsequent transfer of the Subject Property to their transferee upon the Debtor obtaining additional information concerning such transfer and transferee.

**WHEREFORE**, based on the foregoing, the Debtor demands judgment avoiding the Transfer and either reconveying the Subject Property to the Debtor or for monetary damages an amount equal to the value of the Subject Property plus interest, less the amount of the Subject Taxes, plus the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

**Dated:** December 19, 2011
Albany, New York

          NOLAN & HELLER, LLP
          *Attorneys for the Debtor/Plaintiff*

By: _____
    Justin A. Heller, Esq.
    39 North Pearl Street, 3rd Floor
    Albany, New York 12207
    (518) 449-3300

TO:    Maynard, O'Connor, Smith & Catalinotto, LLP
        Attn: Robert A. Rausch, Esq.
        6 Tower Place
        Albany, New York 12203

87930

Schedule "A"

Janet L. Janosko and Adelard Bedard
To
Warehouse at Van Buren Street, Inc.
TOWN OF CHAMPLAIN

Beginning at a concrete highway monument found on the easterly bounds of U.S. Route 9, (aka East Service Road), said point also marking the current northwesterly corner of lands of Ammex Warehouse Co., Inc., as described in Book 681 of Deeds at Page 347;

Thence turning and running S 75° 27' 29" E, along the northerly bounds of said Ammex Warehouse, a distance of 94.87 feet to an capped 5/8" iron rod found marking the northeasterly corner of said Ammex Warehouse;

Thence turning and running S 21° 22' 42" W, along the easterly bounds of said Ammex Warehouse, a distance of 486.76 feet to an capped 5/8" iron rod found marking the southeasterly corner of said Ammex Warehouse, said iron rod marks the northeasterly corner of lands reputedly owned by Leonard Patnode, and also marks the northwesterly corner of lands owned by Leslie Matthews & Rosalin Matthews, as described in Book 803 of Deeds at Page 84;

Thence turning and running S 74° 15' 24" E, along an existing old fence line marking the northerly bounds of said Matthews, passing over a capped 5/8" iron rod found on the northerly bounds of said Matthews, a total distance of 171.50 feet to a second capped 5/8" iron rod found marking the northeasterly corner of said Matthews and also marking the northwesterly corner of lands of Stephanie Brown, as described in Book 977 of Deeds at Page 153;

Thence turning and running S 73° 58' 00" E, along an existing old wire fence line marking the northerly bounds of said Brown, a distance of 359.47 feet to a iron pipe found marking the northeasterly corner of said Brown and also marking the northwesterly corner of lands of Jacques M. & Marcelle T. Lussier, as described in Deed Instrument No. 146417;

Thence turning and running S 73° 49' 06" E, along the northerly bounds of said Lussier, a distance of 779.48 feet to an capped 5/8" iron pin set marking the most southerly southeasterly corner of the parcel herein being described and also marking the southwesterly corner of lands of Gilles & Pierette D. Boudreau, as described in Volume 513 of Deeds at Page 229;

Thence turning and running N 17° 14' 44" E, along the remnants of an old wire fence line marking the westerly bounds of said Boudreau, a distance of 612.74 feet to an iron pin set at the base of an old fence corner marking the northwesterly corner of said Boudreau;

Thence turning and running S 74° 28' 09" E, along the remnants of an old wire fence line marking the northerly bounds of said Boudreau, a distance of 1086.66 feet to the base of an old fence post found marking the southwesterly corner of lands of Linda L. Delaney, as described in Book 667 of Deeds at Page 142, said point being located 181.50 feet (11 rods) from the centerline of the existing Meridian Road;

Thence turning and running N 16° 30' 10" E, along the westerly bounds of said Delaney, a distance of 132.00 feet to an capped 5/8" iron pin set marking the northwesterly corner of said Delaney;

Thence turning and running S 74° 28' 09" E, along the northerly bounds of said Delaney, a distance of 156.50 feet to a capped 5/8" iron pin set on the westerly bounds of the Meridian Road;

Thence turning and running N 16° 28' 20" E, along the westerly bounds of the Meridian Road, a distance of 439.85 feet to a point marking a jog in the road right of way as delineated on a highway appropriation map prepared by the Clinton County Highway Department;

Thence turning and running N 73° 31' 21" W, along said jog in the westerly bounds of the Meridian Road, a distance of 10.00 feet to a point being located 35 feet from the centerline of the Meridian Road;

Thence turning and running N 15° 20' 45" E, along a transition line, a distance of 315.00 feet to a point located 40.00 feet from the centerline of the Meridian Road, said point also being the beginning of a curve concave to the east;

Thence turning and running northerly along said curve having a radius of 2,259.48 feet, a total distance of 528.65 feet to a point marking the end of said curve;

Thence turning and running N 32° 19' 53" E, along a transition line, a distance of 63.00 feet to an 5/8" iron rod found marking the southeasterly corner of lands of Ridela

Corp. as described in Book 763 of Deeds at Page 247, said iron rod found also being located 74.92 feet from a second 5/8" iron rod found marking another corner of lands of said Ridela Corp.;

Thence turning and running N 74° 47' 17" W, along the southerly bounds of said Ridela Corp. and also being along an existing wire fence line on the northerly side of an existing stone wall, a distance of 345.54 feet to a point located at the end of a prominent wire fence line;

Thence turning and running N 74° 29' 13" W, along the southerly bounds of said Ridela Corp. and also being along the scattered remnants of an old wire fence line, a distance of 976.35 feet to a point;

Thence turning and running N 74° 00' 04" W, along the scattered remnants of said old wire fence line, a distance of 254.33 feet to a point;

Thence turning and running N 74° 59' 19" W, along the scattered remnants of said old wire fence line, a distance of 312.11 feet to an capped 5/8" iron pin set marking the northwesterly corner of the parcel herein being described and also marking the northeasterly corner of lands of Ammex Warehouse Company, Inc., as described in Book 763 of Deeds at Page 276, said point being located 220 feet from a concrete monument found marking the northwesterly corner of said Ammex Warehouse Company, Inc. and said concrete monument also marking the southwesterly corner of lands of said Ridela Corp.;

Thence turning and running S 34° 54' 09" W, along the easterly bounds of said Ammex Warehouse Co., Inc., a distance of 315.45 feet to a capped 5/8" iron pin set marking a corner of said Ammex Warehouse Co., Inc., said pin being located in the center of an existing ditch line and marks the southeasterly corner of Parcel II in said Ammex Warehouse Co., Inc. deed;

Thence turning and running S 70° 11' 31" E, along a portion of the northerly bounds of Parcel I in said Ammex Warehouse Co., Inc. deed, a distance of 11.21 feet to an 5/8" iron rod found in said ditch line, said iron rod found marks the northeasterly corner of Parcel I in said Ammex Warehouse Co., Inc., Book 763 of Deeds at Page 276;

Thence turning and running S 34° 44' 01" W, along the easterly bounds of said Parcel I of the Ammex Warehouse property, a distance of 600.32 feet to a point;

Thence turning and running S 35° 54' 49" W, along the easterly bounds of said Parcel I of the Ammex Warehouse property, a distance of 266.05 feet to a point;

Thence turning and running S 37° 30' 18" W, along the easterly bounds of said Parcel I of the Ammex Warehouse property, a distance of 19.70 feet to a capped 5/8" iron pin set marking the southeasterly corner of Parcel I of the Ammex Warehouse property;

Thence turning and running N 52° 29' 42" W, along the southerly bounds of said Ammex Warehouse property, a distance of 220.00 feet to a 5/8" iron rod found marking the southwesterly corner of Parcel I of the Ammex Warehouse property, said iron rod found also being located on the easterly bounds of the aforementioned U.S. Route 9;

Thence turning and running S 37° 30' 18" W, along the easterly bounds of said Route 9, a distance of 576.09 feet to the point of beginning and containing 89.50 acres of land.

Being the remaining lands owned by Janet L. Janosko & Adelard Bedard as conveyed to them by Janet L. Janosko (formerly Lucille Duquette) and Adelard Bedard, by deed dated January 30, 1997 and recorded in the Clinton County Clerk's Office in Book 1005 of Deeds at Page 267, located between the Meridian Road and Interstate Route 87.