UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re

WAREHOUSE AT VAN BUREN STREET, INC.,

Debtor.

Case No. 10-12719-1-rel
Chapter 11

---

WAREHOUSE AT VAN BUREN STREET, INC.,

Plaintiff,

v.

COUNTY OF CLINTON and JOSEPH W. GIROUX
as the Clinton County Treasurer,

Defendants.

Adversary No. 11-90140-1

Hon. Robert E. Littlefield, Jr.,
Chief U.S. Bankruptcy Judge

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR
SUMMARY JUDGMENT**

NOLAN & HELLER, LLP
*Attorneys for Debtor and Plaintiff*
*Warehouse at Van Buren Street, Inc.*
39 North Pearl Street, 3rd Floor
Albany, New York 12207
Tel. (518) 449-3300

## PRELIMINARY STATEMENT

Debtor and Plaintiff Warehouse at Van Buren Street, Inc. ("**Warehouse**," the "**Debtor**" or the "**Plaintiff**") submits this Memorandum of Law (i) in opposition to the motion of Defendants County of Clinton and Joseph W. Giroux as the Clinton County Treasurer (collectively, the "**Defendants**") for summary judgment brought by Notice of Motion dated and filed July 16, 2012 (the "**Defendants' Motion for Summary Judgment**"), and (ii) in support of its cross-motion for summary judgment (Warehouse's "**Cross-Motion**").

As set forth herein, the Defendants are not entitled to summary judgment, against Warehouse, on the alleged grounds that Warehouse lacks standing and that the transfer of the Meridian Road Property to the Defendants was not a fraudulent conveyance under 11 U.S.C. § 548. Moreover, as demonstrated herein, Warehouse has established its *prima facie* entitlement to a judgment, against the Defendants, pursuant to Rule 56(a) of the Federal Rules of Civil Procedure (made applicable herein by Rule 7056 of the Federal Rules of Bankruptcy Procedure), avoiding the transfer of the Meridian Road Property to the Defendants, under 11 U.S.C. § 548(a)(1)(B), and recovering the Property for the benefit of Warehouse's bankruptcy estate, under 11 U.S.C. § 550.

## STATEMENT OF FACTS

The material facts are set forth in the accompanying Affidavit of Roger Jakubowski, President of Warehouse, sworn to on August 2, 2012 and the exhibits annexed thereto (collectively, the "**Jakubowski Affidavit**"); the Declaration of Brendan J. Carosi, Esq. dated August 24, 2012 and the exhibits annexed thereto (collectively, the "**Carosi Declaration**"); and the Statement of Undisputed Material Facts Submitted Pursuant to LBR 7056-1 dated August 2, 2012 (the "**Statement of Undisputed Material Facts**"). Capitalized terms not otherwise

defined herein shall have the meanings ascribed thereto in the Jakubowski Affidavit, the Carosi

Declaration and the Statement of Undisputed Material Facts, as applicable.


## JURISDICTIONAL STATEMENT

This Court has jurisdiction over the within bankruptcy case and adversary proceeding

pursuant to, *inter alia*, 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(H) and 1334.


## ARGUMENT

Under Rule 56 of the Federal Rules of Civil Procedure (made applicable herein by Rule

7056 of the Federal Rules of Bankruptcy Procedure), "[s]ummary judgment is appropriate where

there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as

a matter of law." *Herkimer Forest Prods. Corp. v. County of Clinton* (*In re Herkimer Forest

Prods. Corp.*), Case No. 04-13978 / Adv. Pro. No. 04-90148, 2005 Bankr. LEXIS 3260, at *8

(Bankr. N.D.N.Y. July 26, 2005). *See also O'Connor v. Flagstar Bank* (*In re Muse*), Case No.

07-10665 / Adv. No. 09-90029, 2010 Bankr. LEXIS 3930, at *3-4 (Bankr. N.D.N.Y. Nov. 2,

2010) ("Summary judgment is warranted if the record shows no genuine issue as to any material

fact such that the moving party is entitled to judgment as a matter of law.").

As set forth by the United States Supreme Court, "a party seeking summary judgment

always bears the initial responsibility of informing the . . . court of the basis for its motion, and

identifying those portions of 'the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any,' which it believes demonstrate the

absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986);

*see also Breeden v. Bennett (In re Bennett Funding Group, Inc.)*, 220 B.R. 743, 751 (Bankr. N.D.N.Y. 1997) *(same)*.

"If the evidence submitted in support of the summary judgment motion does not meet the movant's [above] burden of production, then 'summary judgment must be denied even if no opposing evidentiary matter is presented.'" *Vt. Teddy Bear Co., Inc. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir. 2004).

If the movant meets its initial burden, then the burden shifts to the non-moving party to demonstrate the existence of a material fact. *See Breeden*, 220 B.R. at 751. It is well established, however, that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 751-52 (internal quotation marks and citation omitted). As such, "[s]peculation, conclusory allegations and mere denials are not enough to raise genuine issues of fact. To avoid summary judgment, enough evidence must favor the non-moving party's case such that a jury could return a verdict in its favor." *Id.* at 752 (internal quotation marks and citation omitted).

## I. THE TRANSFER OF THE MERIDIAN ROAD PROPERTY TO THE DEFENDANTS BY IN REM TAX FORECLOSURE CONSTITUTED A FRAUDULENT CONVEYANCE UNDER SECTION 548(a)(1)(B) OF THE BANKRUPTCY CODE

Under Section 548(a)(1)(B) of the Bankruptcy Code,[1] a trustee seeking to avoid a transfer of property must establish that (1) the debtor had an interest in the property transferred; (2) the transfer of that interest occurred within two years of the filing of the bankruptcy petition; (3) the debtor received less than a reasonably equivalent value in exchange for the transfer; and (4) the debtor was insolvent at the time of, or was rendered insolvent as a result of, the transfer. *See* 11

---

[1] "Bankruptcy Code" means Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as amended from time to time.

U.S.C. § 548(a)(1)(B). *See also Onteora Assocs. v. Vill. of Fleischmanns (In re Onteora Assocs.)*, Case No. 09-63107 / Adv. Pro. No. 09-80076, 2011 Bankr. LEXIS 3950, at *16-17 (Bankr. N.D.N.Y. Aug. 11, 2011); *Herkimer Forest Prods. Corp.*, 2005 Bankr. LEXIS 3260, at *8-9.

> **A.   Warehouse had a fee simple ownership interest in the Meridian Road Property which was transferred within two years of the July 21, 2010 filing of its Chapter 11 Bankruptcy Petition.**

The parties do not dispute that (i) in or about April of 2004, Warehouse acquired and became the owner in fee simple of the Meridian Road Property; and (ii) pursuant to an in rem tax foreclosure Order and Judgment dated March 10, 2010 and entered in the Clinton County Clerk's Office on March 11, 2010, title to the Meridian Road Property was transferred to the County of Clinton by quitclaim deed dated March 11, 2010. (*See* Carosi Decl. ¶¶ "7" & "9", and Ex. "A" at ¶¶ "1", "3" & "15"-"16"). Accordingly, Warehouse respectfully submits that no factual issues exist regarding whether Warehouse had an interest in the Meridian Road Property which was transferred within two years of the July 21, 2010 filing of its Chapter 11 Bankruptcy Petition.

Notwithstanding the above, the Defendants argue that because they foreclosed on the Meridian Road Property in accordance with the New York Real Property Tax Law, the Court should grant summary judgment in their favor on the ground that the Property was not part of Warehouse's bankruptcy estate, thereby depriving Warehouse of standing to bring the within adversary proceeding under § 548.[2]  (*See* Defendants' Brief in Support of their Motion for Summary Judgment dated July 16, 2012 [the "**Defendants' Brief**"] at 4-10).  Defendants' argument is unavailing and refuted by controlling law.

It is axiomatic that § 548 was intended to allow the avoidance of a pre-petition transfer of

---

[2] Warehouse submits that Defendants' argument incorporates the Seventh, Eighth, Ninth, Tenth, part of the Twelfth, Fourteenth and Fifteenth Affirmative Defenses asserted in their Amended Verified Answer (the "**Answer**").  (*See* Carosi Decl. Ex. "E" at 2-3; *see also id.* Ex. "F" at 5-8).

property which <u>would have been</u> part of the bankruptcy estate but for that transfer. *See, e.g.,*
*Savage & Assocs., P.C. v. Mandl (In re Teligent, Inc.),* 380 B.R. 324, 338 (Bankr. S.D.N.Y.
2008) ("The fraudulent transfer provisions of the Bankruptcy Code are intended to allow a
trustee to recover property that would otherwise have been available to the estate and its
creditors."); *In re Buchwald v. Di Lido Beach Resort, Ltd. (In re McCann, Inc.),* 318 B.R. 276,
282 (Bankr. S.D.N.Y. 2004) ("A trustee can only avoid and recover 'property that would have
been part of the estate had it not been transferred before the commencement of bankruptcy
proceedings.'"). Defendants do not and cannot dispute that but for the in rem tax foreclosure, the
Meridian Road Property would have been part of Warehouse's bankruptcy estate and available to
its creditors.

Nevertheless, in support of their argument, the Defendants cite to certain cases that, for
the reasons set forth immediately below, are inapplicable to and entirely distinguishable from the
within Chapter 11 proceeding.

First, the Defendants cite to *Wisotzke v. Ontario County,* 409 B.R. 20 (W.D.N.Y. 2009),
an appeal from a Decision and Order of the Bankruptcy Court for the Western District of New
York involving the discrete issue of whether certain property was part of the debtor's Chapter 13
bankruptcy estate under 11 U.S.C. § 541. Unlike this proceeding, *Wisotzke* did <u>not</u> involve a
Chapter 11 debtor and did <u>not</u> address 11 U.S.C. § 548. In fact, the underlying Decision and
Order of the Bankruptcy Court expressly stated that:

> "Nothing in this Decision & Order is intended to in any way limit
> the rights, if any, of the Trustee under *Section 544,* ***Section 548*** or
> *Section 549 of the Bankruptcy Code*, or under any other provision
> of the Bankruptcy Code or non-bankruptcy law."

*In re Wisotzke,* 392 B.R. 39, 46 (Bankr. W.D.N.Y. 2008) (Emphasis added).

Similarly, the Defendants' reliance on *Johnson v. County of Chautauqua* (*In re Johnson*), 449 B.R. 7 (Bankr. W.D.N.Y. 2011) is misplaced.   That proceeding concerned whether the Chapter 13 debtor could under 11 U.S.C. §§ 1322(b)(3) and (c) cure his tax default by confirmation of the Chapter 13 plan,[3] and whether the debtor could avoid the tax foreclosure as a fraudulent conveyance under 11 U.S.C. § 548.   With respect to § 1322, the *Johnson* Court, relying upon *Wisotzke*, held that the "sale" of the debtor's residence had occurred (for purposes of § 1322(c)(1)) upon the pre-petition entry of the default judgment, such that the residence was not part of the debtor's bankruptcy estate for purposes of curing the tax default by confirmation of the Chapter 13 plan. *Johnson*, 449 B.R. at 10.   The *Johnson* Court's holding regarding the property's exclusion from the bankruptcy estate did <u>not</u>, however, have any bearing on the debtor's standing to assert a § 548 claim.

With respect to § 548, the *Johnson* Court explained that a Chapter 13 debtor cannot generally exercise the trustee's statutory avoidance powers, noting an exception to that general rule where the subject transfer involved a conveyance of exempt assets under 11 U.S.C. §§ 522(g) and (h).[4]   449 B.R. at 11-12.   Since the debtor in *Johnson* could not claim a homestead exemption under Rule 5206(a) of the New York Civil Practice Law and Rules relating to his

---

[3] Sections 1322(c)(1) states that "a default with respect to, or that gave rise to, a lien on the debtor's principal residence may be cured under paragraph (3) or (5) of subsection (b) until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law . . . ."

[4] Section 522(h) states that a debtor "may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer . . . ."   Section 522(g)(1) provides that the debtor may exempt property that the trustee recovers under, *inter alia*, § 550, only to the extent that the debtor could have exempted such property under § 522(b).   Finally, § 522(b) provides, among other things, that the debtor may exempt property from the estate unless state or local law (applicable on the date of the bankruptcy filing to the place where the debtor's domicile had been located for a certain period of time specified therein) specifically does not authorize such exemption.

nonpayment of taxes, the Court held that the debtor had "no right under 11 U.S.C. § 522(h) to avoid the transfer of his real property to the County of Chautauqua" pursuant to the tax foreclosure. 449 B.R. at 12.

In contrast to the debtor in *Johnson*, Warehouse is a debtor in possession under Section 1101 of the Bankruptcy Code because no trustee has been appointed in this bankruptcy case. (*See* Carosi Decl. ¶ "11"). Section 1107 of the Bankruptcy Code states that subject to certain exceptions not applicable herein, "a debtor in possession shall have **all** the rights . . . and powers, and shall perform all the functions and duties, . . . of a trustee serving in a case under this chapter." (Emphasis added). Warehouse therefore clearly has the right under § 548 to seek to avoid the March 11, 2010 transfer of the Meridian Road Property to the Defendants. *See Onteora Assocs.*, 2011 Bankr. LEXIS 3950, at *16 ("It is well-established that a Chapter 11 debtor may utilize this provision of the Bankruptcy Code [§ 548] to set aside a transfer of real property made in connection with an in rem tax foreclosure proceeding pursuant to Article 11 of the NYRPTL [the New York Real Property Tax Law]." [Citing *Herkimer Forest Prods. Corp.*, 2005 Bankr. LEXIS 3260]). As such, *Johnson* is entirely inapplicable to this proceeding.

Further, Defendants cite to two non-binding, distinguishable Michigan bankruptcy cases: *In re Pickett*, 325 B.R. 579 (Bankr. E.D. Mich. 2005) and *Fisher v. Moon* (*In re Fisher*), 355 B.R. 20 (Bankr. W.D. Mich. 2006). The former concerned a Chapter 13 debtor, did not address § 548 and involved the discrete issue of whether the proposed Chapter 13 plan could provide that the property foreclosed upon as a result of delinquent taxes be re-conveyed to the debtor upon completion of that plan. The latter concerned a Chapter 7 debtor, did not address standing under § 548, and held that (based upon an extension of the holding in *BFP v. Resolution Trust Corp.*,

511 U.S. 531 [1994],[5] to tax foreclosures) the auction price received for property which had been

the subject of an in rem tax foreclosure could not alone require avoidance of the transfer.[6]

*Fisher*, 355 B.R. at 23. Both cases are clearly inapplicable to Warehouse's standing to assert a

§ 548 claim herein.

Finally, the Defendants assert that Warehouse's failure to redeem the Meridian Road

Property prior to foreclosure and the filing of its Chapter 11 Bankruptcy Petition on the morning

of the Property's auction constitute further support for denial of Warehouse's right to seek

avoidance of the tax foreclosure under § 548. (*See* Defendants' Brief at 8-9). Defendants'

assertion has no basis in law, as reflected by their citation to (and misleading quotations from)

two inapposite cases: *Comis v. Bromka (In re Comis)*, 181 B.R. 145 (Bankr. N.D.N.Y. 1994)

and *Martyak v. Tioga County (In re Martyak)*, 432 B.R. 25 (Bankr. N.D.N.Y. 2010).

In *Comis*, the Court expressly noted that § 548 "has been held applicable to tax

foreclosures" and that the issue before the Court was solely whether "less than 'reasonably

equivalent value' was received at the time of the transfer to the County, not to Bromka [the

subsequent third-party purchaser at auction]." 181 B.R. at 147-48. Moreover, the *Comis* Court's

statement quoted by the Defendants (*see* Defendants' Brief at 8) had no bearing whatsoever on

---

[5] The *BFP* Court held that in the context of mortgage foreclosures of real estate only, "reasonably equivalent value" for that foreclosed property "is the price in fact received at the foreclosure sale, so long as all the requirements of the State's foreclosure law have been complied with." 511 U.S. at 537 n.3 & 545.

[6] As further discussed in this Memorandum (*see, infra*, Point "I(B)"), it bears emphasis that this Court has (and other Second Circuit courts have) expressly rejected extending the *BFP* holding to tax foreclosures. *See Harris v. Penesi (In re Harris)*, Case No. 01-10365, 2003 Bankr. LEXIS 2323, at *16 (Bankr. N.D.N.Y. Mar. 11, 2003) ("For all of the reasons stated above, the court does not conclude the reasoning of *BFP* applies to strict tax foreclosure proceedings."); *see also Herkimer Forest Prods. Corp.*, 2005 Bankr. LEXIS 3260, at *12-13 (affirming reasoning of *Harris* and declining to extend the holding of *BFP* to in rem tax foreclosures); *Balaber-Strauss v. Town of Harrison (In re Murphy)*, 331 B.R. 107, 120 (Bankr. S.D.N.Y. 2005) ("This Court rejects defendant's argument that *BFP* applies to New York's tax forfeiture law . . . .").

whether a Chapter 11 debtor could exercise § 548 avoidance powers – to wit: "Having failed to exercise their right of redemption over a period of three years, they [the debtors] should not now be allowed to exercise **their right to a homestead exemption** under the auspices of the Bankruptcy Code." 181 B.R. at 150 (emphasis added).

With respect to *Martyak*, the Court held that pursuant to 11 U.S.C. §§ 522(g) and (h) (discussed *supra* with regards to *Johnson*), the Chapter 13 debtor did have standing to seek avoidance of the tax foreclosure under § 548. The Defendants nevertheless proffer the Court's unrelated dicta as support for their argument that Warehouse lacks standing herein. (*See* Defendants' Brief at 9). Specifically, that dicta followed the Court's holding that the debtor was not insolvent at the time of, or rendered insolvent as a result of, the subject transfer, precluding a finding of a fraudulent conveyance under § 548(a)(1)(B). 432 B.R. at 33. Recognizing that the case at bar was not one of those cases "involving persons who default on their tax obligations due to dire financial circumstances," the Court observed that the bankruptcy filing must have been "initiated solely to reverse the effect of forfeiture." *Id.* at 41. As such, the Court failed to see any reason for reversing the "harsh result" of the property's forfeiture in satisfaction of a small amount of taxes. *Id.*

Notwithstanding that the Defendants support their standing argument by citing to a Decision and Order which in no way discusses or determines a Chapter 11 debtor's standing to assert a § 548 claim, *Martyak* is further distinguishable from the instant proceeding because Warehouse (unlike the debtor in *Martyak*) was in fact insolvent at the time of, or at least rendered insolvent by, the transfer of the Meridian Road Property to the Defendants pursuant to the tax foreclosure. (*See*, *infra*, Point "I(C)").

In sum, Warehouse clearly had an interest in the Meridian Road Property that was transferred to the Defendants within two years of Warehouse's bankruptcy filing. Moreover, the Defendants have failed to, and cannot, demonstrate their entitlement to judgment as a matter of law on their affirmative defense that Warehouse lacks standing under § 548 to exercise the trustee's avoidance powers. Based on the foregoing, Warehouse respectfully submits that the Court should, as a matter of law, deny the Defendants' motion for summary judgment based upon Warehouse's alleged lack of standing and, instead, hold that Warehouse had an interest in the Meridian Road Property which was transferred within two years of the July 21, 2010 filing of its Chapter 11 Bankruptcy Petition.

**B.        Warehouse did not receive reasonably equivalent value in exchange for the transfer of the Meridian Road Property to the Defendants.**

To constitute a fraudulent transfer under § 548(a)(1)(B)(i), the debtor must have "received less than a reasonably equivalent value in exchange for such transfer . . . ."[7] The parties do not dispute that as of the March 11, 2010 transfer of the Meridian Road Property to the Defendants, the outstanding taxes relating to that Property were $7,276.45 for 2008, $6,907.09 for 2009, and $6,058.86 for 2010, totaling $20,242.40.[8] (*See* Carosi Decl. ¶ "30(x)", Ex. "A" at ¶ "5", Ex. "F" at 2 & Ex. "G"). It is also undisputed that the appraised market value of the Meridian Road Property as of March 11, 2010 was $166,000.00 (*see* Carosi Decl. Ex. "A" at ¶ "26" & Ex. "J");. For the reasons set forth immediately below, Warehouse respectfully submits that the Court should, as a matter of law, determine that Warehouse received less than a

---

[7] The Bankruptcy Code defines "value" as "property, or satisfaction or securing of a present or antecedent debt of the debtor, but does not include an unperformed promise to furnish support to the debtor or to a relative of the debtor." 11 U.S.C. § 548(d)(2)(A).

[8] Defendants have incorrectly calculated the aggregate amount of 2008, 2009 and 2010 taxes as $20,243.21. (*See* Rausch Aff. ¶ "39").

reasonably equivalent value in exchange for the transfer of the Meridian Road Property pursuant to the tax foreclosure.

As a threshold matter, the Defendants argue that this Court should disregard its previous holdings (as well as the holdings of other Second Circuit courts) and instead hold that so long as the Defendants have complied with the in rem tax foreclosure requirements of the New York Real Property Tax Law, they are entitled to a presumption that Warehouse received reasonably equivalent value in exchange for the Meridian Road Property.[9] (*See* Defendants' Brief at 11). The County of Clinton made a nearly verbatim argument to this Court in the proceeding captioned *Herkimer Forest Prods. Corp. v. County of Clinton* (*In re Herkimer Forest Prods. Corp.*), Case No. 04-13978 / Adv. Pro. No. 04-90148 (*see* Paragraphs "14"-"15" of the July 27, 2004 Affidavit of Robert A. Rausch, Esq. [counsel for the Defendants herein] in Support of the County of Clinton's Cross-Motion for summary judgment attached as Exhibit "H" to the Carosi Declaration), which this Court expressly rejected. *See Herkimer Forest Prods. Corp.*, 2005 Bankr. LEXIS 3260, at *12-13.

For the reasons stated by this Court in *Harris v. Penesi* (*In re Harris*), Case No. 01-10365, 2003 Bankr. LEXIS 2323, at *14-16 (Bankr. N.D.N.Y. Mar. 11, 2003) and *Herkimer Forest Prods. Corp.*, 2005 Bankr. LEXIS 3260, at *12-13, as well as by the Bankruptcy Court for the Southern District of New York in *Balaber-Strauss v. Town of Harrison* (*In re Murphy*), 331 B.R. 107, 120 (Bankr. S.D.N.Y. 2005), Warehouse respectfully submits that the Defendants are not entitled to a presumption that Warehouse received reasonably equivalent value in exchange for the tax foreclosure of the Meridian Road Property.

---

[9] As part of the Defendants' Twelfth affirmative defense, they allege that the Meridian Road Property "was transferred to the County for its reasonably equivalent value." (Carosi Decl. Ex. "F" at 7).

Additionally, the Defendants contend, without citing to any legal authority, that Warehouse received reasonably equivalent value because "the amount of taxes due is not significantly less than the equity in the property." (Defendants' Brief at 12 (emphasis added)). Thus, according to the Defendants (*see* Rausch Aff. ¶ "38"), the $86,845.50 balance as of March 11, 2010 of principal, interest and other amounts owing under a certain Promissory Note by and between Janet J. Janosko and Adelard Bedard, as Lenders, and Warehouse, as Borrower (the "**Janosko/Bedard Loan**"), secured by a mortgage on the Meridian Road Property (the "**Janosko/Bedard Mortgage**") (*see* Carosi Decl. Ex. "A" at ¶ "3"; *see also id.* Ex. "B" [Proof of Claim No. "6-1"]), must be subtracted from the total value of the Meridian Road Property when determining whether the Debtor received reasonably equivalent value. Defendants' focus on the equity in the Meridian Road Property demonstrates a fundamental misunderstanding of the appropriate analysis of reasonably equivalent value under § 548(a)(1)(B)(i).

As an initial matter, it is well established that the issuance of a deed to a taxing authority following an in rem tax foreclosure extinguishes any and all prior liens and encumbrances on the property. *See First Nat'l Bank of Downsville v. Atkin*, 279 A.D.2d 779, 780, 718 N.Y.S.2d 499, 501 (3d Dep't 2011) ("Article 11 [of the New York Real Property Tax Law] specifically provides that a deed issued to a tax district following a tax foreclosure sale gives such district 'an estate in fee simple absolute', barring all others who may have had a 'right, title, interest, claim, lien or equity of redemption'." (Internal citations omitted)). Thus, the quitclaim deed executed on March 11, 2010 (*see* Rausch Aff. Ex. "L") pursuant to the tax foreclosure Order and Judgment dated March 10, 2010 (*see id.* Ex. "K") extinguished any prior liens and encumbrances on the Meridian Road Property, including the Janosko/Bedard Mortgage. Accordingly, the value

of the Meridian Road Property as transferred to the Defendants on March 11, 2010 was the <u>full</u> <u>market value</u> thereof (or $166,000.00).

Moreover, as noted above, the Bankruptcy Code defines "value," for the purposes of § 548, as "satisfaction . . . of a present or antecedent debt of the debtor . . . ." 11 U.S.C. § 548(d)(2)(A). Thus, in determining whether Warehouse received reasonably equivalent value under § 548(a)(1)(B)(i), the Court should compare the total value of the transferred property at the time of the tax foreclosure to the amount of debt <u>actually satisfied</u> thereby. Here, the Defendants argue in substance and effect that in addition to Warehouse receiving $20,242.40 in value on account of the outstanding property taxes satisfied by the tax foreclosure, Warehouse also received $86,845.50 in value relating to the satisfaction of the then-outstanding balance of the Janosko/Bedard Loan. Yet, it is beyond cavil that the Janosko/Bedard Loan was <u>not</u> satisfied by the Defendants' tax foreclosure.[10]  As such, any consideration of debt which was in fact <u>not</u> satisfied by the tax foreclosure (e.g., the Janosko/Bedard Loan) is improper when determining whether Warehouse received reasonably equivalent value under § 548(a)(1)(B)(i).

Based on the foregoing, Warehouse respectfully submits that the $20,242.40 of outstanding property taxes satisfied by the Defendants' March 11, 2010 tax foreclosure of property worth $166,000.00 does not (and cannot under any circumstances) constitute reasonably equivalent value. *See Herkimer Forest Prods. Corp.*, 2005 Bankr. LEXIS 3260, at *13 (holding that the County of Clinton's in rem tax foreclosure of debtor's properties with an aggregate value of at least $269,800.00 in satisfaction of approximately $24,000.00 in tax debt did not result in debtor's receipt of reasonably equivalent value); *Wentworth v. Town of Action (In re*

---

[10] Notably, Janet L. Janosko and Adelard Bedard have an allowed claim for the principal, interest and other amounts owing under the Janosko/Bedard Loan. (*See* Proof of Claim No. "6-1" filed on August 11, 2010 and attached as Exhibit "B" to the Carosi Declaration).

14

*Wentworth*), 221 B.R. 316, 320 (Bankr. D. Conn. 1998) (holding that the tax forfeiture of

debtor's real property with a market value of $20,700.00 in satisfaction of a tax lien of $1,515.63

did not result in debtor's receipt of reasonably equivalent value).  The Court should therefore

deny the Defendants' motion for summary judgment, as a matter of law, and determine that

Warehouse did not receive reasonably equivalent value in exchange for its forfeiture of the

Meridian Road Property.

> **C.    Warehouse was insolvent at the time of, or was rendered insolvent as a result of, the March 11, 2010 transfer of the Meridian Road Property to the Defendants.**

Finally, to avoid a transfer under § 548(a)(1)(B), the debtor must also establish that it was

either insolvent on the date that the subject transfer was made or rendered insolvent as a result

thereof.  *See* 11 U.S.C. § 548(a)(1)(B)(ii)(I).  The Bankruptcy Code defines "insolvent" as

"financial condition such that the sum of such entity's debts is greater than all of such entity's

property, at a fair valuation . . . ."  11 U.S.C. § 101(32)(A).  Notwithstanding that the Defendants

have failed to assert a defense alleging Warehouse's solvency at the time of the March 11, 2010

tax foreclosure, the evidence set forth below nevertheless demonstrates that Warehouse was

insolvent at the time of, or at least was rendered insolvent as a result of, the transfer of the

Meridian Road Property.

The parties have stipulated that "[e]ach of the Debtor's liabilities as of March 11,

2010 . . . is set forth in the Proofs of Claim filed by each of the Debtor's creditors in this

bankruptcy proceeding, or, if no such Proof of Claim was filed, in the Schedules to the Debtor's

Chapter 11 Bankruptcy Petition, to the extent of and in the amount set forth therein, as

applicable."  (Carosi Decl. Ex. "A" at ¶ "31").  Warehouse therefore respectfully submits that its

liabilities as of the March 11, 2010 in rem tax foreclosure were as follows:

| Liability | Amount | Source of Amount |
|---|---|---|
| Unpaid Accounting Services (Barbara Dwyer, CPA) | $3,000.00 | Proof of Claim No. "1-1" filed by Barbara Dwyer, CPA on July 28, 2010 (*see* Carosi Decl. Ex. "L"). |
| Unpaid New York State Corporate, Withholding and Sales Taxes | $130,394.69 | Amended Proof of Claim No. "2-3" filed by the New York State Department of Taxation and Finance on February 28, 2011 (*see id.* Ex. "M"). |
| Unpaid Local Taxes relating to the Gas Station Property | $21,023.93 | Proof of Claim No. "3-1" filed by the County of Clinton on August 2, 2010 (*see id.* Ex. "N"). |
| Unpaid Local Taxes relating to the Billboard Property | $6,006.92 | Proof of Claim No. "4-1" filed by the County of Clinton on August 2, 2010 (*see id.* Ex. "O"). |
| Unpaid New York State Unemployment Insurances Taxes | $9,650.89 | Amended Proof of Claim No. "5-2" filed by the New York State Department of Labor on September 7, 2010 (*see id.* Ex. "P"). |
| Promissory Note & Mortgage and Security Agreement, each dated April 28, 2004, between the Debtor and Janet L. Janosko & Adelard Bedard, relating to the purchase of the Meridian Road Property | $86,845.80 | Proof of Claim No. "6-1" filed by Janet L. Janosko & Adelard Bedard on August 11, 2010, adjusted for interest as of March 11, 2010 only (*see id.* ¶ "30(vi)" & Ex. "B"). |
| Unpaid Federal Taxes | $26,249.22 | Amended Proof of Claim No. "7-2" filed by the Internal Revenue Service on December 19, 2011, less $100.00 assessed on March 31, 2010 (*see id.* ¶ "30(vii)" & Ex. "Q"). |
| Mortgage dated May 31, 2007 between the Debtor and Excel National Bank encumbering the Gas Station Property | $922,246.97 | Proof of Claim No. "8-1" filed by Excel National Bank on January 13, 2011, less $3,801.34 in interest claimed as of 1/4/11 (*see id.* ¶ "30(viii)" & Ex. "R"). |
| Mortgage between the Debtor and Janet L. Janosko encumbering the Billboard Property | $15,000.00 | Schedule "D" to Warehouse's Chapter 11 Bankruptcy Petition (*see id.* Ex. "C" at 7). |
| Unpaid Property Taxes relating to the Meridian Road Property (for 2008, 2009 & 2010) | $20,242.40 | (*See id.* Ex. "A" at ¶ "5", Ex. "F" at 2 & Ex. "G"). |
| Unsecured loan from Haq Fasiehul | $10,000.00 | Schedule "F" to Warehouse's Chapter 11 Bankruptcy Petition (*see id.* Ex. "C" at 10). |
| **Total Amount of Liabilities** | **$1,250,660.82** | |

Warehouse's assets as of March 11, 2010 (prior to the tax foreclosure) consisted of the

Meridian Road Property, the Gas Station Property and the 50% ownership interest in the

16

Billboard Property.  (*See* Jakubowski Aff. ¶ "6"; Carosi Decl. ¶ "24" & Ex. "A" at ¶ "27"; *see also id.* Ex. "C" at 3-6).   The parties have stipulated that according to the aforementioned appraisal obtained by Warehouse, the market value of the Meridian Road Property as of March 11, 2010 was $166,000.00 (*see* Carosi Decl. Ex. "J"); (ii) according to an appraisal obtained by Warehouse, the market value of the Gas Station Property as of March 11, 2010 was $980,000.00 (*see id.* Ex. "K"); and (iii) pursuant to a certain Agreement for Advance Payment (*see* Jakubowski Aff. Ex. "A"), Warehouse's 50% ownership interest in the Billboard Property was valued at $24,250.00.    (*See* Carosi Decl. Ex. "A" at ¶¶ "26" & "28"-"29").   Warehouse respectfully submits that the appraisal reports and Agreement for Advance Payment demonstrate that the value of Warehouse's assets as of March 11, 2010 totaled $1,170,250.00.  *See, e.g., Lawson v. Roblin Indus., Inc.*, 78 F.3d 30, 38 (2d Cir. 1996) ("Whenever possible, a determination of insolvency should be based on seasonable appraisals or expert testimony.").

In sum, the evidence submitted herewith, in conjunction with the parties' Stipulated Set of Facts (*see* Carosi Decl. Ex. "A"), demonstrates that Warehouse was insolvent as of the March 11, 2010 in rem tax foreclosure because its liabilities ($1,250,660.82) exceeded the total value of its assets ($1,170,250.00).  Additionally, the foreclosure of the Meridian Road Property (which removed the $166,000.00 value of the Property and the $20,242.40 of Clinton County property taxes from Warehouse's assets and liabilities, respectively) reinforced Warehouse's insolvency because its remaining liabilities ($1,230,418.42) exceeded the value of its remaining assets ($1,004,250.00).  Based on the foregoing, Warehouse respectfully submits that the Court should, as a matter of law, grant Warehouse's Cross-Motion to avoid the transfer of the Meridian Road Property to the Defendants, under 11 U.S.C. § 548(a)(1)(B).

II.   **THE BANKRUPTCY CODE DOES NOT INAPPROPRIATELY IMPINGE UPON – AND IN FACT PROTECTS – THE COUNTY'S ABILITY TO COLLECT OUTSTANDING TAX OBLIGATIONS**

Defendants assert that vacating the tax foreclosure of the Meridian Road Property under § 548 would inappropriately "undermine the County's ability to foreclose on any property." (Defendants' Brief at 14). Again, the County of Clinton made a nearly verbatim argument to this Court in the *Herkimer Forest Prods. Corp.* proceeding (*see* Pages "6"-"8" of the County's Brief in Support of Cross-Motion for summary judgment in that proceeding [Carosi Decl. Ex. "I"]), which this Court expressly rejected in its Decision and Order, stating:

> "The prejudice to the County by the return of the Properties to the Debtor will be minimal as the County will recover the full amount of its tax lien when the Properties are liquidated through the bankruptcy. In addition, other creditors will benefit from the liquidation of the Properties." 2005 Bankr. LEXIS 3260, at *13-14.

As in *Herkimer Forest Prods. Corp.*, the prejudice to the Defendants herein will be minimal because the County of Clinton will recover the Meridian Road Property taxes due as of March 11, 2010 upon a sale of the Property in accordance with Warehouse's Chapter 11 plan.

Moreover, it bears emphasis that "a taxing authority is bound by the Bankruptcy Code to the same extent as any other creditor." *Balaber-Strauss*, 331 B.R. at 120-21 (emphasis added); *see also Harris*, 2003 Bankr. LEXIS 2323, at *15 ("[T]he court also believes *section 548*'s statutory purpose does not displace the state's scheme of tax foreclosure by forfeiture although it certainly subjects it to the same rules that other creditors, public and private, must face."). Yet, contrary to the Defendants' above argument, the Bankruptcy Code expressly protects taxing authorities (such as the Defendants) "through grants of enhanced priorities for unsecured tax claims…and by the nondischarge of tax liabilities" in a debtor's bankruptcy case. *Balaber-Strauss*, 331 B.R. at 121.

Based on the foregoing, Warehouse respectfully submits that the Court should disregard the Defendants' argument that § 548 inappropriately impinges upon their ability to collect outstanding tax obligations.

## III.  WAREHOUSE IS ENTITLED UNDER SECTION 550 OF THE BANKRUPTCY CODE TO RECOVER THE MERIDIAN ROAD PROPERTY FROM THE DEFENDANTS

Under Section 550(a)(1) of the Bankruptcy Code, "to the extent that a transfer is avoided under section . . . 548 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from the initial transferee of such transfer or the entity for whose benefit such transfer was made . . . ." As noted by this Court, "[t]he purpose of § 550 is 'to restore the estate to the financial condition it would have enjoyed if the transfer had not occurred.'" *Bruno Mach. Corp. v. Troy Die Cutting Co.* (*In re Bruno Mach. Corp.*), 435 B.R. 819, 848 (Bankr. N.D.N.Y. 2010).

The parties do not dispute that the County of Clinton currently holds title to the Meridian Road Property.  (*See* Carosi Decl. Ex. "A" at ¶ "20").  Moreover, the Defendants have not asserted – in their Answer (*see id.* Ex. "E") or otherwise – any defense to Warehouse's recovery under § 550.

Accordingly, Warehouse respectfully submits that to the extent that the in rem tax foreclosure of the Meridian Road Property is avoided under § 548(a)(1)(B), Warehouse may recover the Property for the benefit of its bankruptcy estate, under § 550.

## IV.  DEFENDANTS' ADDITIONAL AFFIRMATIVE DEFENSES SHOULD BE DISMISSED AS A MATTER OF LAW

Defendants' First, Second, Fourth and Eleventh affirmative defenses based upon Warehouse's alleged contributory or culpable conduct, want of care, assumption of risk and/or failure to mitigate damages (*see* Carosi Decl. Ex. "E" at ¶¶ "5"-"6", "8" & "15") are – in

19

addition to lacking merit (*see* Jakubowski Aff. ¶ "5") – not legally cognizable affirmative defenses to Warehouse's §§ 548 and 550 claims.

Further, Defendants' Fifth affirmative defense that "plaintiff has already commenced and resolved a prior complaint for the same relief and is barred from re-litigating those same issues herein" (Carosi Decl. Ex. "E" at ¶ "9") is directly contradicted by the Summons and Verified Complaint (Rausch Aff. Ex. "N") filed in the action captioned *Warehouse at Van Buren Street, Inc. v. County of Clinton and Joseph W. Giroux as the Clinton County Treasurer*, New York Supreme Court, Clinton County, Index No. 000039/2011, in which Warehouse sought relief based solely upon the Defendants' alleged failure to provide Warehouse with notice of, and an opportunity to participate in, an installment payment plan.   Accordingly, the issue litigated therein was not, and cannot be construed as, the "same issues herein."

Finally, the Defendants' Sixth affirmative defense alleging that "Plaintiff has failed to name an indispensable party" (Carosi Decl. Ex. "E" at ¶ "10") – i.e., the highest bidder for the Meridian Road Property at the July 21, 2010 auction (*see id.* Ex. "F" at 5) – is not a valid defense because, as noted above, the Defendants have <u>not</u> transferred title to the Meridian Road Property to the auction bidder.  (*See id.* Ex. "A" at ¶ "20").  Accordingly, Warehouse is entitled to, and can obtain (without joining the auction bidder as a party), the relief sought against the Defendants in the within proceeding.

## CONCLUSION

Based upon the foregoing, and upon all prior papers and proceedings had herein, Debtor and Plaintiff Warehouse at Van Buren Street, Inc. respectfully requests that this Court (i) deny the motion of Defendants County of Clinton and Joseph W. Giroux as the Clinton County

Treasurer for summary judgment, in its entirety, and (ii) grant judgment in favor of the Plaintiff,

and against the Defendants, as a matter of law, for the relief requested in Plaintiff's Cross-

Motion for Summary Judgment.

Dated: August 24, 2012
      Albany, New York

                                     **NOLAN & HELLER, LLP**
                                     *Attorneys for Debtor and Plaintiff*
                                     *Warehouse at Van Buren Street, Inc.*

                      By: _____
                                  Justin A. Heller, Esq.
                                  Brendan J. Carosi, Esq.
                                  39 North Pearl Street, 3rd Floor
                                  Albany, New York 12207
                                  (518) 449-3300

92501-4